**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4475**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

DENNIS WALLS,

       Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:16-cr-00012-2)

Submitted: January 21, 2020               Decided: February 6, 2020

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gregory J. Campbell, CAMPBELL LAW OFFICE, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Ryan A. Saunders, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Walls appeals the eight-month sentence imposed by the district court after revoking supervised release. He argues that his revocation sentence is plainly, substantively unreasonable, considering the purposes of supervised release. The Government disagrees, pointing to the district court's thoroughness and emphasizing that Walls' sentence is within the applicable policy statement range. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is . . . unreasonable at all." *Id.* Only if the sentence is procedurally or substantively unreasonable must we determine whether it is plainly so. *Id.* at 208; *United States v. Moulden*, 478 F.3d 652, 656-57 (4th Cir. 2007).

A revocation sentence is procedurally reasonable when the district court considers the Chapter Seven policy statements and applicable 18 U.S.C. § 3553(a) (2018) factors and adequately explains the sentence imposed. *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e) (2018) (listing relevant factors). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Slappy*, 872 F.3d at 207. "A sentence

2

within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

The parties do not dispute, and we agree, that the district court correctly calculated the policy statement range. Moreover, Walls' argument does not surmount the presumption of reasonableness accorded his sentence. *See id.* We therefore conclude that the district court's sentence is not procedurally or substantively unreasonable, much less plainly so, and we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*